1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR KLAMATH COUNTY

| | |
|---|---|
| RYAN BUGAREN,<br><br>                                    Plaintiff,<br><br>v.<br><br>KLAMATH FALLS MSL LLC, a foreign limited liability corporation, MBK SENIOR LIVING LLC, a foreign limited liability corporation,<br><br>                                    Defendants. | Case No: 23CV11200<br><br>**SUMMONS** |

TO:    MBK SENIOR LIVING LLC

IN THE NAME OF THE STATE OF OREGON:  You are hereby required to appear and answer the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you.  In case of your failure to appear, for want thereof, plaintiff will apply to the court for the relief demanded therein.

NOTICE TO DEFENDANT:  READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically.  To "appear" you must file with the court a legal document called a "motion" or "answer."  The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee.  It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

/ / /

| -1-SUMMONS | **BLACK, CHAPMAN, PETERSEN, STEVENS**<br>**ATTORNEYS AT LAW**<br>**221 STEWART AVE.,#209**<br>**MEDFORD, OREGON 97501**<br>Phone: (541) 772-9850  Fax: (541)779-7430<br>litigation@blackchapman.com |
|---|---|

Exhibit 1<br>1 of 13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

     If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____

Andrew R. Wilson, OSB# 125006
Attorney for Plaintiff
221 Stewart Avenue, Suite 209
Medford, Oregon 97501
(541) 772-9850

-2-SUMMONS

BLACK, CHAPMAN, PETERSEN, STEVENS
ATTORNEYS AT LAW
221 STEWART AVE.,#209
MEDFORD, OREGON 97501
Phone: (541) 772-9850  Fax: (541)779-7430
litigation@blackchapman.com

Exhibit 1
2 of 13

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR KLAMATH COUNTY

| | |
|---|---|
| RYAN BUGAREN, | Case No: |
| Plaintiff, | **COMPLAINT** - Discrimination under ORS 659A.040; Discrimination under ORS 659A.183; Wrongful Discharge |
| v. | |
| KLAMATH FALLS MSL LLC, a foreign limited liability corporation, MBK SENIOR LIVING LLC, a foreign limited liability corporation, | Not Subject to Mandatory Arbitration |
| | [$450,027.26 Claimed – ORS 21.160(1)(c)] |
| Defendants. | |

Plaintiff alleges as follows:

1.

At all relevant times plaintiff, RYAN BUGAREN, was an individual residing in Klamath County, Oregon and was employed in Klamath County Oregon.

2.

Defendant, KLAMATH FALLS MSL LLC, is a foreign limited liability corporation doing business as Crystal Terrace (hereinafter "CRYSTAL TERRACE"). Its principal place of business is listed at 4 Park Plaza, Ste 1700 in Irvine, California. It owns and operates a senior living facility called Crystal Terrace of Klamath Falls which is located at 1000 Town Center Drive in Klamath County, Oregon. CRYSTAL TERRACE works with

-1-COMPLAINT

BLACK, CHAPMAN, PETERSEN, STEVENS
ATTORNEYS AT LAW
221 STEWART AVE.,#209
MEDFORD, OREGON 97501
Phone: (541) 772-9850  Fax: (541)779-7430
litigation@blackchapman.com

Exhibit 1
3 of 13

1    elderly, injured, and disabled clients providing them senior living and assisted care services.

2    Plaintiff was employed and/or retained by this defendant as laid out below. All actions

3
     relevant to this complaint occurred in Oregon. At all times material to this complaint,
4

5    defendant employed more than fifty employees and was a covered employer under all the

6    below listed claims for relief.

7                                          3.

8
     Defendant, MBK SENIOR LIVING LLC, is a foreign limited liability corporation
9

10   (heretofore "MBK"). Its principal place of business is 4 Park Plaza, Ste 1700 in Irvine,

11   California. MBK is the parent company who oversees and operates multiple senior living

12   facilities across the country, including CRYSTAL TERRACE. At all relevant times,

13
     employee training, policy manuals, human resources, and payroll for CRYSTAL
14

15   TERRACE were all overseen by MBK. Plaintiff was employed and/or overseen by this

16   defendant as laid out below. All actions relevant to this complaint occurred in Oregon. At

17   all times material to this complaint, defendant employed more than fifty employees and

18   was a covered employer under all the below listed claims for relief.

19
                                            4.
20

21   Plaintiff began working for CRYSTAL TERRACE on or about September 17,

22   2021 as a prep cook. At all material times, plaintiff was supervised by CRYSTAL

23   TERRACE and MBK employees or agents. Plaintiff relied on the actual or apparent

24   authority of defendants' employees, supervisors and management to act for defendants.
25

26   Throughout his employment with defendants, he performed his job duties diligently and

---

-2-COMPLAINT

BLACK, CHAPMAN, PETERSEN, STEVENS
ATTORNEYS AT LAW
221 STEWART AVE.,#209
MEDFORD, OREGON 97501
Phone: (541) 772-9850  Fax: (541)779-7430
litigation@blackchapman.com

Exhibit 1
4 of 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

successfully and had no prior performance or disciplinary write-ups before his

employment was terminated on April 29, 2022.

5.

Concurrent with his hire, plaintiff informed defendants that he was arrested for a

DUII (Driving under the influence) and resisting arrest in November 2020. He also

disclosed this information on his Oregon DHS background check application. CRYSTAL

TERRACE's business manager, Kim Abel, wrote a letter to the Klamath County Circuit

Court on September 21, 2021 confirming plaintiff was hired on full-time, as required by

the terms of his parole. On September 17, 2021, the Oregon DHS background check unit

(BCU) provided a letter to CRYSTAL TERRACE approving plaintiff's eligibility to work.

6.

On or about December 14, 2021, plaintiff injured his left shoulder while putting

away boxes of potatoes. His arm continued to hurt throughout the rest of plaintiff's shift.

He went home that night and iced and rested his shoulder. On December 15, 2021

plaintiff attempted to work while injured. Within 30 minutes of starting his shift the pain

in his shoulder was too severe to continue. He told the sou chef and the head chef of his

injury and that he could not continue to work. Appropriate paperwork was filled out an a

worker's compensation claim was opened (CCMSI Claim No. 21G43L976287). Plaintiff

went to the emergency room and was put onto modified light duty work with restrictions

that he not use his left arm.

/ / /

| -3-COMPLAINT | BLACK, CHAPMAN, PETERSEN, STEVENS<br>ATTORNEYS AT LAW<br>221 STEWART AVE.,#209<br>MEDFORD, OREGON 97501<br>Phone: (541) 772-9850  Fax: (541)779-7430<br>litigation@blackchapman.com |
| --- | --- |

Exhibit 1
5 of 13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

7.

Despite being on light duty, plaintiff was required to perform work that put significant strain on his left shoulder. He regularly complained of the pain this was causing but nothing was done. He overheard co-workers and managers making fun of him for having light duty job modifications and for being injured. Plaintiff reported this to human resources. Very little was done in response and the apology plaintiff was promised never happened. Throughout the time plaintiff was hurt and working light duty, his manager, Kim Abel would approach plaintiff and advise him not to get surgery and to instead take herbal medicines to help his shoulder. Plaintiff did not appreciate nor did he take Ms. Abel's medical advice.

8.

On March 16, 2022, plaintiff was finally scheduled for surgery on his shoulder. His care provider put him off work entirely until after his surgery in April 2022. As part of plaintiff's sentencing and probation from his 2020 DUII, plaintiff was required to serve 10-days jail time. Since he was off work until April, plaintiff surrendered himself to the Klamath County Jail starting March 18, 2022. He was released on March 25, 2022 for good behavior. Throughout the time he was in jail, plaintiff was able to rest his shoulder.

9.

Early in the week of March 21, 2022, plaintiff's manager, Kim Abel, began a false and malicious campaign to destroy plaintiff's reputation at CRYSTAL TERRACE. She emailed staff that plaintiff had been arrested the prior week for DUII and resisting arrest

-4-COMPLAINT

BLACK, CHAPMAN, PETERSEN, STEVENS
ATTORNEYS AT LAW
221 STEWART AVE.,#209
MEDFORD, OREGON 97501
Phone: (541) 772-9850  Fax: (541)779-7430
litigation@blackchapman.com

Exhibit 1
6 of 13

1    and included a newspaper article that said plaintiff had been lodged in jail. Ms. Abel had

2    been well informed that the DUII had occurred in November 2020.  She informed the

3    worker's compensation carrier of this supposed recent arrest which triggered an intrusive

4    deep dive investigation into plaintiff's criminal, financial, and social media history.

5    

6                                             10.

7        On April 6, 2022, Ms. Abel emailed the Oregon DHS background check unit

8    claiming that plaintiff has been recently arrested.  Ms. Abel wrote, "Hoping you may be

9    able to assist with the below SI - who was arrested for DUII - and held without bond due

10   to resisting arrest. Since he was previously approved - there is not a way for me to know if

11   he would no longer be approved. Are you able to provide guidance?"  This triggered the

12   BCU to send a letter on April 7, 2022 to CRYSTAL TERRACE informing them that

13   another background check would need to be performed on plaintiff.  The BCU gave

14   CRYSTAL TERRACE twenty one (21) days to submit another application for plaintiff or

15   the unit would deny plaintiff's eligibility to work. No one at CRYSTAL TERRACE,

16   including Ms. Abel, reached out to plaintiff to ask about the "arrest" or to get another

17   BCU application filled out.

18                                           11.

19       On April 29, 2022, plaintiff received an email from Ms. Abel informing him that

20   his background check was no longer approved and that his employment was being

21   immediately terminated.  Plaintiff has never been given the opportunity to state his side of

22   these allegations.  He was never reprimanded pursuant to CRYSTAL TERRACE and

-5-COMPLAINT

BLACK, CHAPMAN, PETERSEN, STEVENS
ATTORNEYS AT LAW
221 STEWART AVE.,#209
MEDFORD, OREGON 97501
Phone: (541) 772-9850  Fax: (541)779-7430
litigation@blackchapman.com

Exhibit 1

7 of 13

MBK's progressive discipline policies.  Plaintiff was never given the opportunity to

challenge the subsequent invalidation of his background check.  Plaintiff believes that

CRYSTAL TERRACE, through Ms. Abel, fabricated any reason she could find to

terminate plaintiff in retaliation for his workplace injury and subsequent protected medical

time off work.

## FIRST CLAIM FOR RELIEF
### (Interference, Discrimination, and Retaliation under ORS 659A.040)
### Against All Defendants

12.

Plaintiff incorporates and restates paragraphs 1 to 11 above as if fully set forth

herein.

13.

As set forth above, defendants denied, interfered with, discriminated and/or

retaliated against plaintiff because he applied for benefit and/or invoked his rights under

the worker's compensation statutes.  Over the course of months prior to his termination,

plaintiff was subjected to severe and pervasive harassment and hostility by his co-workers

and supervisors.  This hostile working environment and the actions leading up to

plaintiff's termination are unlawful employment practice under ORS 659A.040.

14.

Because of defendants' actions, plaintiff has lost wages and benefits in the amount

of $22,259.26 plus pre-judgment interest, or an amount to be determined at trial.

Plaintiff's wage loss damages are ongoing.  Plaintiff will continue to lose wages and

-6-COMPLAINT

BLACK, CHAPMAN, PETERSEN, STEVENS
ATTORNEYS AT LAW
221 STEWART AVE.,#209
MEDFORD, OREGON 97501
Phone: (541) 772-9850  Fax: (541)779-7430
litigation@blackchapman.com

Exhibit 1
8 of 13

benefits in the amount of $77,768.00 plus pre-judgment interest or an amount to be determined at trial.

15.

Plaintiff has incurred reasonable and necessary medical expenses as a result of defendants' behavior.  Plaintiff anticipates incurring future medical and related service expenses. The exact amount of these medical expenses is currently unknown but for purposes of complying with ORCP 18, is alleged not to exceed $50,000.00. Plaintiff reserves the right to amend this amount at or before trial.

16.

As a result of defendants' actions, plaintiff has suffered and will continue to suffer severe emotional distress and mental pain and suffering resulting in compensatory damages in the amount of $300,000.00 which may be amended at a later date.

17.

Plaintiff is entitled to her reasonable attorney fees under ORS 659A.885, as well as his costs and disbursements incurred herein.

### SECOND CLAIM FOR RELIEF
**(Discrimination/Retaliation under ORS 659A.183)**
**Against All Defendants**

18.

Plaintiff incorporates and restates paragraphs 1 to 11 above as if fully set forth herein.

/ / /

-7-COMPLAINT

BLACK, CHAPMAN, PETERSEN, STEVENS
ATTORNEYS AT LAW
221 STEWART AVE.,#209
MEDFORD, OREGON 97501
Phone: (541) 772-9850  Fax: (541)779-7430
litigation@blackchapman.com

Exhibit 1
9 of 13

19.

As set forth above, defendants discriminated and/or retaliated against plaintiff after he requested protected medical leave pursuant to his doctor's recommendations and his need for surgery. Defendants further retaliated against plaintiff by terminating his employment for requesting protected medical leave. This is an unlawful employment practice under ORS 659A.183.

20.

Because of defendants' actions, plaintiff has lost wages and benefits in the amount of $22,259.26 plus pre-judgment interest, or an amount to be determined at trial. Plaintiff's wage loss damages are ongoing. Plaintiff will continue to lose wages and benefits in the amount of $77,768.00 plus pre-judgment interest or an amount to be determined at trial.

21.

Plaintiff has incurred reasonable and necessary medical expenses as a result of defendants' behavior. Plaintiff anticipates incurring future medical and related service expenses. The exact amount of these medical expenses is currently unknown but for purposes of complying with ORCP 18, is alleged not to exceed $50,000.00. Plaintiff reserves the right to amend this amount at or before trial.

22.

Plaintiff is entitled to her reasonable attorney fees under ORS 659A.885, as well as his costs and disbursements incurred herein.

| -8-COMPLAINT | BLACK, CHAPMAN, PETERSEN, STEVENS<br>ATTORNEYS AT LAW<br>221 STEWART AVE.,#209<br>MEDFORD, OREGON 97501<br>Phone: (541) 772-9850  Fax: (541)779-7430<br>litigation@blackchapman.com |
| --- | --- |

Exhibit 1
10 of 13

# THIRD CLAIM FOR RELIEF
### (Wrongful Discharge)
### Against All Defendants

23.

Plaintiff incorporates and restates paragraphs 1 to 11 above as if fully set forth herein.

24.

At all materials times, the public policy of Oregon prohibited an employer from retaliating against an employee for inquiring about and/or invoking his rights and/or utilizing and/or attempting to utilize protected medical leave. This public policy is embodied in the common law, statutes, and regulations of the State of Oregon and the United States protecting the public and employees including, but not limited to: ORS 659A.183; OAR 839-009-0200 et seq.; 29 U.S.C. §2601, et seq.; and *Yeager v. Providence Health System Oregon*, 195 Or App 134 (2004).

25.

Defendants, through their agents and/or employees, violated the above public policies by denying, failing to provide, interfering with, discriminating and retaliating against plaintiff for inquiring about and/or invoking his rights and/or utilizing and/or attempting to utilize protected medical leave. The discharge was unlawful and in violation of the public policy of the State of Oregon.

/ / /

/ / /

-9-COMPLAINT

BLACK, CHAPMAN, PETERSEN, STEVENS
ATTORNEYS AT LAW
221 STEWART AVE.,#209
MEDFORD, OREGON 97501
Phone: (541) 772-9850  Fax: (541)779-7430
litigation@blackchapman.com

Exhibit 1
11 of 13

26.

Defendants' discharge of plaintiff was in retaliation for his pursuit and exercise of his rights related to his role as an employee, which rights are of important public interest.

27.

Because of defendants' actions, plaintiff has lost wages and benefits in the amount of $22,259.26 plus pre-judgment interest, or an amount to be determined at trial. Plaintiff's wage loss damages are ongoing. Plaintiff will continue to lose wages and benefits in the amount of $77,768.00 plus pre-judgment interest or an amount to be determined at trial.

28.

Plaintiff has incurred reasonable and necessary medical expenses as a result of defendants' behavior. Plaintiff anticipates incurring future medical and related service expenses. The exact amount of these medical expenses is currently unknown but for purposes of complying with ORCP 18, is alleged not to exceed $50,000.00. Plaintiff reserves the right to amend this amount at or before trial.

29.

As a result of defendants' actions, plaintiff has suffered and will continue to suffer severe emotional distress and mental pain and suffering resulting in compensatory damages in the amount of $300,000.00 which may be amended at a later date.

/ / /

/ / /

-10-COMPLAINT

BLACK, CHAPMAN, PETERSEN, STEVENS
ATTORNEYS AT LAW
221 STEWART AVE.,#209
MEDFORD, OREGON 97501
Phone: (541) 772-9850  Fax: (541)779-7430
litigation@blackchapman.com

Exhibit 1
12 of 13

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment as follows:

(a)    Judgment for plaintiff and against defendant for lost income in the amount of $22,259.26 plus pre and post-judgment interest until paid;

(b)    Judgment for plaintiff and against defendant for lost future income in the amount of $77,768.00 plus pre and post-judgment interest until paid;

(c)    Judgment for plaintiff and against defendant for necessarily incurred medical expenses in the amount of $50,000.00 plus post-judgment interest until paid;

(d)    Judgment in favor of plaintiff and against defendant for non-economic damages in the amount of $300,000.00 plus interest from the date of judgment until paid;

(e)    For plaintiff's reasonable attorney fees incurred herein;

(f)    For his prevailing party fee, costs, and disbursements; and

(g)    For any other and further relief that the court deems just and equitable

DATED this 16ᵗʰ day of March, 2023.

BLACK, CHAPMAN, PETERSEN & STEVENS

/s/Andrew R. Wilson
Andrew R. Wilson, OSB#125006
Attorney for Plaintiff

Trial Attorney: Andrew R. Wilson,
                        OSB#125006

-11-COMPLAINT

BLACK, CHAPMAN, PETERSEN, STEVENS
ATTORNEYS AT LAW
221 STEWART AVE.,#209
MEDFORD, OREGON 97501
Phone: (541) 772-9850  Fax: (541)779-7430
litigation@blackchapman.com

Exhibit 1
13 of 13